**Dr. Ugo Alexis IREH, M.D.,**
**Plaintiff–Appellant,**

v.

**NASSAU UNIVERSITY MEDICAL CENTER and Nassau Health Care Corporation, Defendants–Appellees.**

No. 09–0712–cv.

United States Court of Appeals, Second Circuit.

March 30, 2010.

Ugo Alexis Ireh, Yonkers, N.Y., Appellant. pro se.

Christopher G. Gegwich and Christopher J. Porzio, Nixon Peabody LLP, Jerico, N.Y., for Appellees.

PRESENT: WILFRED FEINBERG, ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Appellant Dr. Ugo Alexis Ireh, *pro se,* appeals the judgment of the district court, following a jury trial, in favor of Appellees on his employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as well as the district court's order denying his Federal Rule of Civil Procedure 59(a) motion for a new trial. On appeal, Ireh does not argue that the jury's verdict was against the weight of the evidence. Instead, he raises various claims of error concerning the district court's discovery orders, evidentiary rulings, jury instructions, and general management of the trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's discovery orders and evidentiary rulings for abuse of discretion. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette,* 157 F.3d 933, 937 (2d Cir.1998) (discovery orders); *Silverstein v. Chase,* 260 F.3d 142, 145 (2d Cir.2001)(evidentiary rulings). Additionally, where a party does not object to a jury instruction at trial, we will not review any challenge thereto on appeal unless our review is necessary to avoid a "miscarriage of justice or . . . an obvious misapplication of the law." *Johnson v. New York Hosp.,* 96 F.3d 33, 34 (2d Cir.1996) (per curiam).

Here, after a thorough and exhaustive review of the record, we conclude that all of Ireh's arguments on appeal are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**